IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHIRLEY TOMLINSON | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 5:20-CV-1109 |
| V. | § | |
| | § | COMPLAINT FOR |
| UNITED STATES OF AMERICA | § | DECLARATORY RELIEF |
| *Defendant.* | § | (Fed. R. Civ. P. 57) |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES SHIRLEY TOMLINSON, Plaintiff in the above-styled and numbered civil action, and files this Original Complaint pursuant to 28 U.S.C. § 2201 for a declaration that the Plaintiff does not owe any money to the United States of America, or its political subdivision, for any care or treatment related to the automobile collision on March 24, 2019 and that Defendant is not entitled to any portion of the third-party settlement proceeds. In support of this compliant, Plaintiff will respectfully show the Court the following:

### PARTIES

1. Plaintiff, SHIRLEY TOMLINSON, is an individual who resides in San Antonio, Texas and received medical treatment at Brooke Army Medical Center in San Antonio, Texas.

2. Defendant, UNITED STATES OF AMERICA, may be served with process by serving the following individuals in the manner prescribed:

    a) John F. Bash, United States Attorney for the Western District of Texas, via certified mail, return receipt requested at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and

  b)  United States Attorney General, William P. Barr, via certified mail, return receipt requested, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

## JURISDICTION AND VENUE

3. This court has jurisdiction of the subject matter of this action, pursuant to 28 U.S.C. § 1346, because it arises out of the laws of the United States and the United States is a Defendant. This dispute concerns the validity and enforceability of a lien asserted by the United States pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651.

4. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to this claim arose in this District.

## FACTS

5. On March 24, 2019, Plaintiff, SHIRLEY TOMLINSON, was dining at a restaurant with three (3) other family members when a vehicle crashed through the front glass window of the restaurant causing serious injuries to all four (4) individuals. Plaintiff received treatment at Brooke Army Medical Center for the collision related injuries and the amount of the lien asserted by the United States of America is believed to be $27,788.79. Subsequently, the tortfeasor tendered its policy limits of $60,000.00 for all claims related to the accident. Of that settlement, $13,800.00 was allocated to Shirley Tomlinson.

6. Given the severity of Plaintiff's injuries, the Defendant, United States of America, is not entitled to recover any money against the third-party settlement proceeds. However, as a result of Defendant's failure to release its alleged lien, the third-party insurance settlement proceeds cannot be disbursed. Plaintiff seeks a declaratory judgment so that the third-party settlement funds can be

disbursed.

7.      As a practical matter, Plaintiff filed this suit because Brooke Army Medical Center or the Defense Finance and Accounting Service (DFAS) - collection agency for the federal government - denied Plaintiff's offer of compromise. All Plaintiff is trying to do is resolve Defendant's lien so that the third-party settlement funds can be disbursed. However, the breakdown in communication between Brooke Army Medical Center and DFAS has made amicable resolution of the Defendant's lien impossible.

8.      An actual controversy now exists between the parties with respect to the validity and enforceability of lien asserted by the Defendant.

## DECLARATORY JUDGMENT

9.      In order to resolve this controversy, Plaintiff requests that, pursuant to 28 U.S.C. § 2201, this court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare that Defendant is not entitled to any portion of the third-party settlement proceeds.

10.     A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that the third-party settlement proceeds cannot be disbursed and Plaintiff cannot receive any settlement funds until the validity and enforceability of Defendant's lien is determined.

11.     The Plaintiff has the requisite standing to request this declaration in that Plaintiff is suffering a direct and personal injury as a result of the invalid and unenforceable lien asserted by the Defendant against the third-party settlement proceeds.

12.     This controversy is ripe for determination at this time because Defendant is currently preventing the third-party settlement proceeds from being disbursed and is currently asserting a lien against the third-party settlement proceeds.

## ATTORNEY FEES

13. Plaintiff has retained the firm of Thomas C. Hall, P.C. to represent her in this action and has agreed to pay the firm's reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiff would be equitable and just.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that:

1. This Court render a declaratory judgment providing that Defendant is not entitled to any portion of the third-party settlement proceeds;

2. Plaintiff receives costs of suit, including reasonable attorney's fees; and

3. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THOMAS C. HALL, P.C.
110 Broadway, Suite 550
San Antonio, Texas 78205
Telephone: (210) 222-2000
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Facsimile: (210) 222-1156


BY:   */s/ Thomas C. Hall*
Thomas C. Hall
Texas Bar No. 08774550
**ATTORNEYS FOR PLAINTIFFS**